IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

**A.H.,**

        **Plaintiff**,

v.

**MONTGOMERY COUNTY, MISSOURI**
   **SERVE:**

     City Hall
     211 E. Third Street
     Montgomery City, MO 63361

**LT. ERIC FOREE, individually and in his
official capacity as a Lt. for the
Montgomery County Jail**

   **SERVE:**
     Montgomery Jail
     211 E. Third Street
     Montgomery City, MO 63361

**SGT. KATY PAPE, individually and in her
official capacity as a Sgt. for the
Montgomery County Jail**

   **SERVE:**
     Montgomery Jail
     211 E. Third Street
     Montgomery City, MO 63361

**CORPORAL JEREMY PENNING,
individually, and in his official capacity as
a Corporal for the Montgomery County
Jail**

   **SERVE:**
     Montgomery Jail
     211 E. Third Street
     Montgomery City, MO 63361

Cause No.:

**JURY TRIAL DEMANDED**

**CORPORAL MARK STORZER,
individually, and in his official capacity as
a Corporal for the Montgomery County
Jail**

    **SERVE:**
        Montgomery Jail
        211 E. Third Street
        Montgomery City, MO 63361

**DAN THORP, individually, and in his
official capacity as a Correctional Officer
for Montgomery County Jail**

    **SERVE:**
        Montgomery Jail
        211 E. Third Street
        Montgomery City, MO 63361

**CORRECTIONAL OFFICER
McKINNEY, individually, and in his
official capacity as a Correctional Officer
for Montgomery County Jail**

    **SERVE:**
        Montgomery Jail
        211 E. Third Street
        Montgomery City, MO 63361

**STEVEN CRAVEN, individually, and in
his official capacity as a Correctional
Officer for Montgomery County Jail**

    **SERVE:**
        Montgomery Jail
        211 E. Third Street
        Montgomery City, MO 63361

**JOHN HELVEY, individually, and in his
official capacity as a Correctional Officer
for Montgomery County Jail**

    **SERVE:**
        Montgomery Jail
        211 E. Third Street
        Montgomery City, MO 63361

**JOSHUA CHRISTIAN, individually, and
in his official capacity as a Correctional
Officer for Montgomery County Jail**

    **SERVE:**
        Montgomery Jail
        211 E. Third Street
        Montgomery City, MO 63361

**BRENT SHEETS, individually, and in his
official capacity as a Correctional Officer
for Montgomery County Jail**

    **SERVE:**
        Montgomery Jail
        211 E. Third Street
        Montgomery City, MO 63361

**NATHAN STAAS, individually, and in his
official capacity as a Correctional Officer
for Montgomery County Jail**

    **SERVE:**
        Montgomery Jail
        211 E. Third Street
        Montgomery City, MO 63361

**WARREN COUNTY, MISSOURI**

    **SERVE:**
        Warren County City Hall
        200 Booneslick Road
        Warrenton, MO 63383

**SGT. JULIE POIRIER, individually, and in her official capacity as a Sgt. for the Warren County Jail**

    **SERVE:**
        Warren County Jail
        104 W. Booneslick Road
        Warrenton, MO 63383

**JESSICA RICKARD, individually, and in her official capacity as a Correctional Officer for the Warren County Jail**

    **SERVE:**
        Warren County Jail
        104 W. Booneslick Road
        Warrenton, MO 63383

and

**JASON EDWARDS, individually, and in his official capacity as a Correctional Officer for the Warren County Jail**

    **SERVE:**
        Warren County Jail
        104 W. Booneslick Road
        Warrenton, MO 63383

    **Defendants.**

## COMPLAINT

Plaintiff A.H. ("A.H.") states the following for her Complaint against Montgomery County, Missouri ("Montgomery County"), Lt. Eric Foree ("Defendant Foree"), Sgt. Katy Pape ("Defendant Pape"), Corporal Jeremy Penning ("Defendant Penning"), Corporal Mark Storzer ("Defendant Storzer"), Dan Thorp ("Defendant Thorp"), Correctional Officer McKinney ("Defendant McKinne"), Steven Craven ("Defendant Craven"), John Helvey ("Defendant Helvey"), Joshua Christian ("Defendant Christian"), Brent Sheets ("Defendant Sheets"), Nathan Staas ("Defendant Staas"),  Warren County, Missouri ("Warren County"), Sgt. Julie Poirier

("Defendant Poirier"), Jessica Rickard ("Defendant Rickard") and Jason Edwards ("Defendant Edwards) (collectively "Defendants").

## PARTIES, JURISDICTION, AND VENUE

1.      A.H. is a resident and citizen of the State of Florida.

2.      Defendant Montgomery County is a Political Subdivision of the State of Missouri and is a legal entity responsible for itself and for the Montgomery County Jail.

3.      Defendant Foree is a resident and citizen of the State of Missouri who was employed by Defendant Montgomery County.  At all times relevant, Defendant Foree was acting under color of state law in his capacity as a Lt. for the Montgomery County Jail and was acting in the course and scope of his employment.  Defendant Foree is sued in his individual capacity and official capacity.

4.      Defendant Pape is a resident and citizen of the State of Missouri who was employed by Defendant Montgomery County.  At all times relevant, Defendant Pape was acting under color of state law in her capacity as a Sgt. for the Montgomery County Jail and was acting in the course and scope of her employment.  Defendant Pape is sued in her individual capacity and official capacity.

5.      Defendant Penning is a resident and citizen of the State of Missouri who was employed by Defendant Montgomery County.  At all times relevant, Defendant Penning was acting under color of state law in his capacity as a Corporal for the Montgomery County Jail and was acting in the course and scope of his employment.  Defendant Penning is sued in his individual capacity and official capacity.

6.      Defendant Storzer is a resident and citizen of the State of Missouri who was employed by Defendant Montgomery County.   At all times relevant, Defendant Storzer was acting

under color of state law in his capacity as a Corporal for the Montgomery County Jail and was acting in the course and scope of his employment.  Defendant Storzer is sued in his individual capacity and official capacity.

7.     Defendant Thorp is a resident and citizen of the State of Missouri who was employed by Defendant Montgomery County.   At all times relevant, Defendant Thorp was acting under color of state law in his capacity as a Correctional Officer for the Montgomery County Jail and was acting in the course and scope of his employment.  Defendant Thorp is sued in his individual capacity and official capacity.

8.     Defendant McKinney is a resident and citizen of the State of Missouri who was employed by Defendant Montgomery County.   At all times relevant, Defendant McKinney was acting under color of state law in his capacity as a Correctional Officer for the Montgomery County Jail and was acting in the course and scope of his employment.  Defendant McKinney is sued in his individual capacity and official capacity.

9.     Defendant Craven is a resident and citizen of the State of Missouri who was employed by Defendant Montgomery County.  At all times relevant, Defendant Craven was acting under color of state law in his capacity as a Correctional Officer for the Montgomery County Jail and was acting in the course and scope of his employment.  Defendant Craven is sued in his individual capacity and official capacity.

10.     Defendant Helvey is a resident and citizen of the State of Missouri who was employed by Defendant Montgomery County.  At all times relevant, Defendant Helvey was acting under color of state law in his capacity as a Correctional Officer for the Montgomery County Jail and was acting in the course and scope of his employment.  Defendant Helvey is sued in his individual capacity and official capacity.

11.     Defendant Christian is a resident and citizen of the State of Missouri who was employed by Defendant Montgomery County.   At all times relevant, Defendant Christian was acting under color of state law in his capacity as a Correctional Officer for the Montgomery County Jail and was acting in the course and scope of his employment.  Defendant Christian is sued in his individual capacity and official capacity.

12.     Defendant Sheets is a resident and citizen of the State of Missouri who was employed by Defendant Montgomery County.  At all times relevant, Defendant Sheets was acting under color of state law in his capacity as a Correctional Officer for the Montgomery County Jail and was acting in the course and scope of his employment.  Defendant Sheets is sued in his individual capacity and official capacity.

13.     Defendant Staas is a resident and citizen of the State of Missouri who was employed by Defendant Montgomery County to assist operating its jail at the time of the events discussed herein.  At all times relevant, Defendant Staas was acting under color of state law in his capacity as a Correctional Officer for the Montgomery County Jail and was acting in the course and scope of his employment.  Defendant Staas is sued in his individual capacity and official capacity.

14.     Defendant Warren County is a Political Subdivision of the State of Missouri and is a legal entity responsible for itself and for the Warren County Jail.

15.     Defendant Poirier is a resident and citizen of the State of Missouri who was employed by Defendant Warren County.  At all times relevant, Defendant Poirier was acting under color of state law in her capacity as a Correctional Officer for the Warren County Jail and was acting in the course and scope of her employment.  Defendant Poirier is sued in her individual capacity and official capacity.

16.     Defendant Rickard is a resident and citizen of the State of Missouri who was employed by Defendant Warren County.   At all times relevant, Defendant Rickard was acting under color of state law in her capacity as a Correctional Officer for the Warren County Jail and was acting in the course and scope of her employment.  Defendant Rickard is sued in her individual capacity and official capacity.

17.     Defendant Edwards is a resident and citizen of the State of Missouri who was employed by Defendant Warren County.  At all times relevant, Defendant Edwards was acting under color of state law in her capacity as a Correctional Officer for the Warren County Jail and was acting in the course and scope of her employment.  Defendant Edwards is sued in her individual capacity and official capacity.

18.     This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. §§ 1983 and 1988. Jurisdiction against Defendants is conferred upon this Court by 28 U.S.C. § 1331 and by the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367.

19.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to A.H.'s claims occurred in Montgomery and Warren Counties in Missouri.

**FACTUAL ALLEGATIONS**

20.     On or around August of 2015, after being charged with the murder of her husband, for which she was acquitted by a jury on January 21, 2019, Plaintiff was transferred from the Warren County Jail to the Montgomery County Jail.

21.     Other than times when Plaintiff had court appearances in Warren County, including trial, Plaintiff was a detainee in the Montgomery County Jail from August of 2015 through her acquittal in January of 2019.

22.     Plaintiff was a detainee in the Warren County Jail during the times of Court appearances and trial over this time-period until her acquittal.

23.     Prior to and after August 30, 2016, Plaintiff made complaints to Defendants Foree, Pape, Penning and Storzer, who were supervisory employees, about sexual harassment by Montgomery County correctional officers, including improper sexual touching by Defendants Sheets and Defendants Pape of Plaintiffs breasts and vagina.

24.     On August 30, 2016, Defendants Foree, Pape, Penning and Storzer were aware of improper sexual touching of Plaintiff's breasts and vagina perpetrated by Defendant Sheets and Defendant Staas, but did nothing about her complaints to protect or prevent their ongoing sexual harassment and improper sexual touching which continued to be endured by Plaintiff.

25.     Prior to and after August 30, 2016, as ongoing and improper conduct, Defendants Thorp and McKinney made sexually explicit comments to Plaintiff and sexually harassed her throughout the time she was a detainee at the Montgomery County Jail.

26.     Prior to and after August 30, 2016, as ongoing and improper conduct, Defendant Craven also made sexually explicit comments about Plaintiff's body, including her breasts and asked if they were real, as well as touching them to find out if they were real or not.

27.     Prior to and after August 30, 2016, as ongoing improper conduct, Defendant Helvey would open Plaintiff's cell door to allow Defendant Christian to improperly enter her cell allowing him to touch Plaintiff's breasts and vagina.

28.     Prior to and after August 30, 2016, as ongoing conduct, Defendant Christian improperly entered Plaintiff's cell on several occasions to ask to see her breasts, would sexually harass Plaintiff and her cellmate over the intercom and ask Plaintiff to perform leud sexual actions, get naked and give him massages.  He also entered Plaintiff's cell when her cell mate was sleeping and touch Plaintiff's vagina against her will.

29.     On or about August 30, 2016, and thereafter, on at least two occasions, Defendant Sheets entered Plaintiff's cell improperly and against her will placed his penis forcefully into her vagina.

30.     After August 30, 2016, and until her acquittal, Plaintiff suffered from ongoing improper conduct from Defendant Staas who would sexually harass Plaintiff, including telling Plaintiff to get used to the treatment she had in the jail and way of life and just accept it.  He also told her that Defendant Sheets was just having fun with her like a horse you ride hard put away wet.

31.     After August 30, 2016, and until her acquittal, whenever Plaintiff was a temporary detainee at the Warren County Jail, Defendants Poirier and Rickard sexually harassed and verbally abused Plaintiff including telling other guards in Warren County Jail about Plaintiff's sexual assaults at the Montgomery County Jail saying she had sex with all her guards and was a dirty whore, as well as telling other Warren County guards and inmates about a private video that Plaintiff had made for her husband several years before.

32.     After August 30, 2016, and until her acquittal, whenever Plaintiff was a temporary detainee at the Warren County Jail, Defendant Edwards sexually harassed Plaintiff telling her to get naked and dance when she was in her cell, asking for a threesome with Plaintiff and her cell mate and telling Plaintiff he masterbated to the private video Plaintiff made for her husband that

10

was shared and published to whomever would listen, whether other guards or inmates in the Warren County Jail, by Defendant Poirier.

## COUNT I

### 42 U.S.C. § 1983 – Sexual Harassment and Assault in Violation of the Fourth, Eighth & Fourteenth Amendments
### (Defendants Thorp, McKinney, Craven, Helvey, Christian, Sheets, Staas, Poirier, Rickard and Edwards)

33.     Plaintiff incorporates the above allegations as though fully set forth herein.

34.     42 U.S.C. § 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

35.     Plaintiff is and was a citizen of the United States and thus entitled to the full benefits and equal protection of the Federal Constitution and all laws and regulations enacted thereunder.

36.     Defendants are person(s) under 42 U.S.C. § 1983.

37.     Defendants were acting under the color of the statutes, ordinances, regulations, customs, and law of the State of Missouri and their acts or omissions were conducted within the scope of their official duties or employment.

38.      At the time of the occurrences that are subject of Plaintiff's Complaint, Plaintiff had clearly established constitutional rights, including a right under the Fourth, Eighth and Fourteenth Amendments to be secure in her person from sexual harassment and sexual assault by persons acting under color of law.

39.     Plaintiff also had the clearly established Constitutional right Fourth, Eighth and Fourteenth Amendments to bodily integrity and to be free from sexual assault by jail guards or officers.

40.     Any reasonable jail guard or officer would know or should have known of these rights at the time of the complained of conduct as they were clearly established.

41.     Defendants' actions, including sexual harassment and sexual assault, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth, Eighth and Fourteenth Amendment rights of Plaintiff.

42.     Defendants' actions, including sexual harassment and sexual assault, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights. The sexual harassment and sexual assaults perpetrated by Defendants shocks the conscience and violated Plaintiff's Fourth, Eighth and Fourteenth Amendment rights.

43.     Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected Constitutional rights.

44.     Defendants knew, or should have known, that their acts as described herein were prohibited under federal law.

45.     Defendants' actions created an environment whereby Plaintiff was incarcerated and detained under conditions that posed a substantial risk of serious harm to her health and safety.

46.     Defendants were deliberately indifferent to plaintiff's health and/or safety.

47.     Defendants' mistreatment of Plaintiff was perpetrated pursuant to Montgomery and Warren County's policies, customs, decisions, ordinances, regulations, widespread habit, usage or practice.

48.     As a direct and proximate result of Defendants' interference with Plaintiff's federal constitutional and statutory rights, Plaintiff has suffered and will continue to suffer physical and emotional injuries and has suffered and will continue to suffer pain of the body and mind, mental anguish, humiliation, embarrassment, loss of enjoyment of life, anxiety, post-traumatic stress disorder, and has been forced to undergo substantial medical treatment, including hospitalizations and has attempted to take her own life.

49.     Plaintiff is entitled to attorneys' fees and costs pursuant to 42 U.S.C. 1988.

50.     Defendants' conduct was motivated by evil motive or intent, and shows reckless or callous indifference to the federally protected rights of others, thereby justifying an award of punitive damages in such sum as will serve to punish and deter Defendants, and others, from like conduct in the future.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00) for the harms and losses she has suffered, for her costs incurred herein, for attorneys' fees, for punitive damages, and for any further relief this Court deems just and proper.

## COUNT II

**Negligent Infliction of Emotional Distress**
**(Defendants Foree, Pape, Penning, and Storzer)**

51.     Plaintiff incorporates the above allegations as if fully set forth herein.

52.     The Defendants' conduct in failing to take any reasonable steps so protect and prevent the sexual harassment and sexual assaults by the other Defendants, described herein, was negligent.

53.      The Defendants should have realized that the conduct of the other Defendants, described herein, involved an unreasonable risk of causing Plaintiff emotional distress.

54.     Defendant Shaffer's actions were willful, wanton and intentional.

55.     As a direct and proximate result of Defendants' actions, Plaintiff suffered and will continue to suffer from a medically diagnosable and medically significant emotional distress, including anxiety and post-traumatic stress disorder.

56.     Defendant's conduct as described above, was outrageous and exhibited an evil motive or reckless indifference to the rights of others, thereby entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants in a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00) for the harms and losses she has suffered, for her costs incurred herein, for attorneys' fees, for punitive damages, and for any further relief this Court deems just and proper.

## COUNT III

**42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth and Fourteenth Amendments (Defendant Montgomery and Warren Counties)**

57.     Plaintiff incorporates the above allegations as if fully set forth herein.

58.     42 U.S.C. § 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

59.     Plaintiff is and was a citizen of the United States and thus entitled to the full benefits and equal protection of the Federal Constitution and all laws and regulations enacted thereunder.

60.     Montgomery County and Warren County are person(s) under 42 U.S.C. § 1983.

61.     Montgomery County and Warren County, their officials, employees, agents, and representatives were, at all times relevant, acting under the color of ordinances regulations, customs, and law of the State of Missouri.

62.     At the time of the occurrences that are subject of Plaintiff's Complaint, Plaintiff had clearly established constitutional rights, including the right under the Fourth, Eighth and Fourteenth Amendments to be secure in her person from sexual harassment and sexual assault while a detainee in Defendants' jails.

15

63.     The Montgomery and Warren Counties' policymaking officials, employees, agents, and representatives knew, or should have known, of these rights at the time of the complained of conduct as they were clearly established.

64.     The acts or omissions of Montgomery and Warren Counties and their policymaking officials, employees, agents, and representatives, as described herein, deprived Plaintiff of her constitutional and statutory rights and caused her damages.

65.     Montgomery and Warren Counties and their policymaking officials, employees, agents, and representatives intentionally, knowingly and purposely deprived Plaintiff of her clearly established rights, privileges, and immunities as secured by the Constitution and laws of the United States in violation of 42 U.S.C. § 1983.

66.     Montgomery and Warren Counties had the authority and duty to train, supervise, discipline, and otherwise control the jail officers and guards, including the Defendants identified herein.

67.     Montgomery and Warren Counties had a duty to provide reasonable training to prevent their employees from wrongfully sexually harassing and/or assaulting Plaintiff in violation of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

68.     Montgomery and Warren Counties failed to train, inadequately trained, or negligently trained their employees in a manner that a reasonable county would have under the circumstances.

69.     Montgomery and Warren Counties and their policymaking officials, employees, agents, and representatives maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, including those

housed in their jails as detainees, which were the moving forces behind and proximately caused the violations of Plaintiff's Constitutional rights as set forth herein.

70.     Montgomery and Warren Counties deliberate indifference to Plaintiffs' Constitutional rights includes, but is not limited to:

    a.  failing to train Defendants Foree, Pape, Penning, and Storzer, to report, protect and prevent jail employees from sexually harassing or sexually assaulting jail detainees;

    b.  failing to train Defendants Thorp, McKinney, Craven, Helvey, Christian, Sheets, Staas, Poirier, Rickard and Edwards that sexual harassment towards jail detainees and/or sexual contact between officers and inmates is not acceptable and prohibited under all circumstances;

    c.  failing to supervise the individual Defendant employees listed herein;

    d.  failing to adopt and/or enforce proper policies in the identification and prevention of improper sexual harassment and/or sexual assault; and

    e.  such further acts of deliberate indifference as discovery will reveal.

71.     Montgomery and Warren Counties and their policymaking officials, employees, agents, and representatives have developed and maintained long-standing, department-wide customs, policies, procedures, and practices, and/or failed to properly train and/or supervise their officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and other jail detainees. The inadequacy of training and/or supervision is so likely to result in violation of Constitutional and federal rights, such as those described herein—in light of the particular duties assigned to their employees including the Defendants identified herein —that the failure to provide proper training and supervision is deliberately indifferent to those rights.

17

72.     The deliberately indifferent training and supervision provided by Montgomery and Warren Counties and their officials, employees, agents, and representatives resulted from a conscious and deliberate choice to follow a course of action from among various alternatives available to it and were moving forces in the constitutional and federal violation injuries complained of by Plaintiff.

73.     As a direct and proximate result of Montgomery and Warren Counties' interference with Plaintiff's federal Constitutional and statutory rights, Plaintiff has suffered the aforementioned damages and losses, which are expected to be ongoing.

74.     Plaintiff is entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE Plaintiff prays for judgment against Montgomery and Warren Counties in a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00) for the harms and losses she has suffered, for her costs incurred herein, for attorneys' fees, and for any further relief this Court deems just and proper.

## COUNT IV

### Willful and Wanton Acts
### (Defendant Montgomery County)

75.     Plaintiff incorporates the above allegations as if fully set forth herein.

76.     At all relevant times, Defendant Montgomery County failed to follow strict rules, orders, guidelines and procedures—which allow no room for deviation—in its hiring, retention, supervision and training of Defendants Christian and Sheets.

77.      Defendants Christian and Sheets' known history of misconduct and proclivities for sexual deviance made them unfit to be jail guards overseeing vulnerable women including Plaintiff.

78.     Defendant Montgomery County knew or should have known of Defendants Christian and Sheet's unfitness to be jail guards which created a danger to vulnerable female inmates, including Plaintiff.

79.     Defendant Montgomery County knew or should have known of Defendants Christian and Sheet's unfitness to be a jail guard at all times, including at the time of their hiring and retention through August 30, 2016 and thereafter until Plaintiff's acquittal.

80.     Defendant Montgomery County's actions in hiring and retaining Defendants Christian and Sheets despite their clear disqualifications were willful, wanton and intentional.

81.     Defendant Montgomery County's actions in failing to provide appropriate supervision and training to Defendants Christian and Sheets regarding sexual misconduct were willful, wanton and intentional.

82.     Defendant Montgomery County's actions described herein were committed under circumstances exhibiting a reckless disregard for the safety of others.

83.     Under the circumstances, Defendant Montgomery County had no discretion in its hiring, retention, supervision and training of Defendants Christian and Sheets.

84.     As a direct and proximate result of Defendants Christian and Sheets' unfitness to be jail guards as described herein, Plaintiff suffered and will continue to suffer injuries, including physical and mental injuries arising from sexual assault, pain and suffering, humiliation, and mental anguish.

85.     Defendant Montgomery County's conduct as described above, was outrageous and exhibited an evil motive or reckless indifference to the rights of others, thereby entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendant Montgomery County in a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00) for the harms and losses she has suffered, for her costs incurred herein, for attorneys' fees, for punitive damages, and for any further relief this Court deems just and proper.

## COUNT V

**Respondeat Superior**
**(Defendants Montgomery and Warren Counties)**

86.     Plaintiff incorporates the above allegations as if fully set forth herein.

87.     An employer/employee relationship existed between Defendants Montgomery and Warren Counties and Defendants' employee jail guards and officers, identified herein at all times herein.

88.     Defendant Montgomery and Warren Counties controlled or had the right to control the conduct of Defendants' employee jail guards and officers, as identified and described herein.

89.     Defendants Montgomery and Warren Counties employee jail guards and officers' conduct described herein fell within the scope of the employment relationship between Defendants Montgomery and Warren Counties and their employee jail guards and officers identified herein.

90.     As a direct and proximate result of Defendant Montgomery and Warren Counties' Defendant jail guards and officers, identified herein, actions —for which Defendants Montgomery and Warren Counties are vicariously liable—Plaintiff suffered and will continue to suffer injuries, including physical and mental injuries, pain and suffering, humiliation, and mental anguish, emotional trauma including stress, anxiety and post-traumatic stress disorder, resulting medical care and hospitalizations and attempted suicide.

91.     Defendant Montgomery and Warren Counties' Defendant jail guards and officers, identified herein, actions —for which Defendants Montgomery and Warren Counties are vicariously liable were outrageous and exhibited an evil motive or reckless indifference to the rights of others, thereby entitling Plaintiff to an award of punitive damages.

WHEREFORE, Plaintiff prays for judgment against Defendants Montgomery and Warren Counties, in a fair and reasonable amount, in excess of seventy-five thousand dollars ($75,000.00) for the harms and losses she has suffered, for her costs incurred herein, for attorneys' fees, for punitive damages, and for any further relief this Court deems just and proper.


**O'LEARY, SHELTON, CORRIGAN,
PETERSON, DALTON & QUILLIN, LLC**


By      */s/James D. O'Leary*
        James D. O'Leary      #45964
        1034 S. Brentwood Blvd.
        Penthouse-1A, 23rd Floor
        St. Louis, MO 63117
        314/405-9000 telephone
        314/405-9999 facsimile
        oleary@osclaw.com
        *Attorneys for Plaintiff*