UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.H., ) | |
| ) | |
| Plaintiff, ) | Case No. 4:21-cv-01077-MTS |
| ) | |
| v. ) | |
| ) | |
| MONTGOMERY COUNTY, MISSOURI, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS WARREN COUNTY, MISSOURI'S, SERGEANT JULIE POIRIER'S, JESSICA RICKARD'S AND JASON EDWARDS' MEMORANDUM OF LAW IN SUPPORT OF THEIR JOINT MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

COME NOW Defendants Warren County, Missouri, Sgt. Julie Poirier, Jessica Rickard and Jason Edwards (hereinafter collectively referred to as the "Warren County Defendants"), by and through the undersigned counsel, and for their Memorandum of Law in Support of Their Joint Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), hereby state to the Court as follows:

**I.   INTRODUCTION**

Plaintiff's Second Amended Complaint asserts four (4) counts, but only Counts I, III, and IV are directed to the Warren County Defendants. Count I is a claim against Defendants Poirier, Rickard, and Edwards (hereinafter collectively referred to as the "Individual Defendants") in their individual capacities under 42 U.S.C. § 1983 (hereinafter "§ 1983") for alleged violations of Plaintiff's rights under the Fourth, Eighth, and Fourteenth[1] Amendments to the United States Constitution. Count III

---

[1] Since Plaintiff was at all relevant times herein a pretrial detainee (Pl.'s Second Am. Comp. ¶ 22), Plaintiff's constitutional claims against the Individual Defendants should be reviewed under the Due Process Clause of the Fourteenth Amendment rather than the Fourth or Eighth Amendments. See

is a claim against Defendant Warren County (hereinafter referred to as the "County") for § 1983 liability under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). Count IV is a claim against the County for *respondeat superior* liability.

As discussed in greater detail below, Count I fails to state a claim upon which relief can be granted against the Individual Defendants because Plaintiff's allegations that the Individual Defendants verbally harassed Plaintiff without touching or making inappropriate physical contact with Plaintiff does not establish a violation of Plaintiff's constitutional rights. Further, the Individual Defendants are entitled to qualified immunity because it is not clearly established law that verbal sexual harassment, absent physical contact, of a pretrial detainee gives rise to a constitutional claim. Count III fails to state a claim upon which relief can be granted because the County cannot be liable under § 1983 and Monell where there is no underlying constitutional violation by the Individual Defendants. Count IV fails to state a claim upon which relief can be granted against the County because there is no *respondeat superior* liability under § 1983, and Plaintiff has failed to plead any cause of action against the Individual Defendants arising under Missouri law or any legal theory other than § 1983. Accordingly, Plaintiff's Second Amended Complaint should be dismissed with prejudice for failure to state a claim upon which relief can be granted as to the Warren County Defendants.

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007). Although the Court must assume all factual allegations of the complaint are true and

---

Kingsley v. Hendrickson, 576 U.S. 389, 400 (2015); see also Owens v. Scott County Jail, 328 F.3d 1026, 1027 (8th Cir. 2003).

construe those allegations in favor of the plaintiff, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  A motion to dismiss under Rule 12(b)(6) should be granted when the factual allegations, even if assumed to be true, do not entitle the plaintiff to relief.  Taxi Connection v. Dakota, Minn. & E.R.R. Corp., 513 F.3d 823, 826 (8th Cir. 2008).

### III.  ARGUMENT

   a. *Count I of Plaintiff's Second Amended Complaint for Sexual Harassment and Assault as to the Individual Defendants in their individual capacities fails to state a claim upon which relief can be granted because Plaintiff does not allege that the Individual Defendants touched or made inappropriate physical contact with Plaintiff.*

A pretrial detainee's claims against a jail guard for sexual harassment or assault arise under the Due Process Clause of the Fourteenth Amendment.  Pulliam v. Holder, No. 1:19-cv-191-SRC, 2020 U.S. Dist. LEXIS 108240, at *6-7 (E.D. Mo. June 19, 2020) (citing Davis v. Oregon County, Mo., 607 F.3d 543, 548 (8th Cir. 2010)).  Since the Fourteenth Amendment gives pretrial detainees at least the same protections as the Eighth Amendment provides to convicted prisoners, the deliberate indifference standard applied to prisoner claims under the Eighth Amendment is also applied to a pretrial detainee's claims under the Fourteenth Amendment.  See id.  To prevail on a sexual harassment claim under § 1983, a detainee must prove that the alleged harassment or abuse objectively inflicted "pain," and that the correctional officer subjectively acted with a culpable state of mind.  See Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir. 1997); see also Pulliam, 2020 U.S. Dist. LEXIS 108240 at *7.

The Eighth Circuit has held, in an unpublished opinion, that "sexual harassment, absent contact or touching, does not constitute unnecessary or wanton infliction of pain." Howard v. Everett,

3

No. 99-1277EA, 2000 U.S. App. LEXIS 3685 at *3 (8th Cir. 2000).  Other circuits that have considered the issue have also held that sexual harassment of an inmate or detainee, absent physical contact, does not give rise to section 1983 liability.  See Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) (holding that "the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment"); see also Jackson v. Holley, 666 Fed. Appx. 242, 244 (4th Cir. 2016) (unpublished) (quoting Austin, 367 F.3d at 1171 and holding that the Eighth Amendment does not protect prisoners from mere verbal sexual harassment); Doe v. City of Haltom City, 106 Fed. Appx. 906, 908 (5th Cir. 2004) (holding that "verbal sexual harassment does not violate a detainee or inmate's constitutional rights"); Morales v. Mackalm, 278 F.3d 126, 132 (2d Cir. 2002) (holding that a female correctional officer's request that a mail prisoner have sex with her and masturbate in front of her did not give rise to a civil rights claim); DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) (holding that "racially derogatory and sexually explicit language" on its own does not violate the Constitution); Barney v. Pulsipher, 143 F.3d 1299, 1310 n. 11 (10th Cir. 1998) (noting that verbal sexual harassment alone is not sufficient to state an Eighth Amendment claim).

In this case, Plaintiff alleges that Defendants Poirier and Rickard "sexually harassed and verbally abused Plaintiff" by "telling other guards about Plaintiff's sexual assaults in the Montgomery County Jail," "saying she had sex with all of her guards," calling her a "dirty whore," and telling other guards about a private video Plaintiff made for her husband."  (Pl.'s Second Am. Compl. ¶ 31.) Plaintiff also alleges that Defendant Edwards sexually harassed her by "telling her to get naked and dance," "asking for a threesome with Plaintiff and her cell mate," and "telling Plaintiff he masterbated [sic] to the private video Plaintiff made for her husband." (Pl.'s Second Am. Compl. ¶ 32.)  However, Plaintiff's Second Amended Complaint is devoid of any allegation that the Individual Defendants touched or made inappropriate physical contact with Plaintiff.  Plaintiff's claim against the Individual

Defendants is limited to alleged verbal sexual harassment. Accordingly, Count I of Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted as to the Individual Defendants in their individual capacities.

> b. *Plaintiff's § 1983 claim against the Individual Defendants in their individual capacities is barred by the doctrine of qualified immunity.*

"Qualified immunity is an immunity from suit, not a mere defense to liability." Vandevender v. Sass, 970 F.3d 972, 975 (8th Cir. 2020). Accordingly, a complaint is subject to dismissal under Fed. R. Civ. P. 12(b)(6) if a defendant is entitled to qualified immunity on the face of the Complaint. Id.

Qualified immunity protects government officials from "liability for civil damages insofar as their conduct does not violate clearly established constitutional rights of which a reasonable person would have known." Messerschmidt v. Millender, 565 U.S. 535, 546 (2012). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments and protects all but the plainly incompetent or those who knowingly violate the law." Id. (internal quotations omitted). Whether the government official is entitled to qualified immunity depends on the objective legal reasonableness of the allegedly unlawful action assessed in the light of the clearly established law at the time the action was taken. Id.

Government officials are entitled to qualified immunity if: (i) the Plaintiff fails to set forth sufficient facts establishing that the official's conduct violated a constitutional or statutory right; or (ii) the constitutional right was not clearly established at the time of the official's conduct. Duffie v. City of Lincoln, 834 F.3d 877, 882 (8th Cir. 2016). The Court has discretion to address either inquiry first. Id. (citing Pearson v. Callahan, 555 U.S. 223, 236 (2009)).

As discussed above, Plaintiff's Second Amended Complaint fails to allege that the Individual Defendants touched or made inappropriate physical contact with Plaintiff. As a result, Plaintiff's

Second Amended Complaint fails to allege sufficient facts to establish that the Individual Defendants violated Plaintiff's constitutional rights, thereby entitling the Individual Defendants to qualified immunity under the first prong of the qualified immunity analysis.

Moreover, it is not clearly established law that verbal sexual harassment of an inmate or detainee violates the inmate or detainee's constitutional rights. The Individual Defendants acknowledge the broad legal proposition that the Eighth and Fourteenth Amendments protect inmates and detainees from cruel and unusual punishment, and that sexual harassment or assault of an inmate or detainee by a correctional officer does not serve a legitimate penological purpose and can constitute unnecessary and wanton infliction of pain in violation of the Eighth or Fourteenth Amendments. See Freitas, 109 F.3d at 1338. However, in conducting a qualified immunity analysis, courts should not "define clearly established law at a high level of generality." Smith v. City of Minneapolis, 754 F.3d 541, 546 (8th Cir. 2014) (citing Ashcroft v. al-Kidd, 563 U.S. 731, 742 (2011)). Instead, "the dispositive question is whether the violative of nature of particular conduct is clearly established." Mullenix v. Luna, 136 S.Ct. 305, 308 (2015). A court must determine whether it is clearly established in a particularized sense that a government official's actions violated a constitutional right. Smith, 754 F.3d at 546. The contours of the right must be "sufficiently clear so that every reasonable official would have understood that what he is doing violates that right." Rokusek v. Jansen, 899 F.3d 544, 547-48 (8th Cir. 2018) (internal quotations omitted).

Here, it is not clearly established that the alleged verbal sexual harassment of Plaintiff by the Individual Defendants violated Plaintiff's constitutional rights. In fact, as set forth above, the Eighth Circuit has held that "sexual harassment, absent contact or touching, does not constitute unnecessary or wanton infliction of pain" in violation of the Eighth or Fourteenth Amendments. Howard, 2000 U.S. App. LEXIS 3685 at *3. Therefore, Plaintiff cannot show that it is clearly established law that

6

verbal harassment, absent any touching or inappropriate physical contact, violates a prisoner or detainee's constitutional rights. Accordingly, the Individual Defendants are entitled to qualified immunity as to Plaintiff's § 1983 claim against them in their individual capacities.

   c. *Count III of Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted against the County under § 1983 and Monell.*

In Monell v. Dep't of Soc. Servs., the Supreme Court established that a municipality could be liable under § 1983 if a municipal policy or custom causes a constitutional injury. Monell, 436 U.S. at 694. A municipality can also have liability under § 1983 for failing to train or supervise employees, although a plaintiff must establish that the municipality's failure to train or supervise its employees amounts to deliberate indifference to the rights of citizens with whom the municipal employee has contact. S.M. v. Lincoln Cty, 874 F.3d 581, 585 (8th Cir. 2017). Deliberate indifference in a failure to train or supervise context "is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Id. (internal citation omitted). "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." Id. (internal citation omitted).

"The first inquiry in any Section 1983 suit…is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" Baker v. McCollan, 443 U.S. 137, 140 (1979). A municipality cannot be liable under § 1983 absent an underlying constitutional violation by a municipal employee. Whitney v. City of St. Louis, 887 F.3d 857, 861 (8th Cir. 2018).

Count III of Plaintiff's Second Amended Complaint asserts a claim against the County under § 1983 for "[d]eliberately indifferent policies, practices, customs, training, and supervision." However, since Plaintiff's Second Amended Complaint fails to state a claim for an underlying constitutional violation against the Individual Defendants, Plaintiff cannot state a claim upon which

7

relief can be granted against the County under § 1983 and Monell. Thus, Count III of Plaintiff's Second Amended Complaint should be dismissed as to the County.

> d. *Count IV of Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted against the County because there is no respondeat superior liability for § 1983 claims, and Plaintiff's Second Amended Complaint does not assert a claim against the Individual Defendants arising under Missouri law or any other legal theory.*

In Monell, the United States Supreme Court unequivocally held that a "municipality cannot be held liable under section 1983 on a *respondeat superior* theory." Monell, 436 U.S. at 691. Nevertheless, Count IV of Plaintiff's Second Amended Complaint attempts to assert a claim against the County for *respondeat superior* liability. Since Plaintiff's only claim against the Individual Defendants is brought under § 1983, Plaintiff cannot state a claim against the County for *respondeat superior* liability. See Monell, 436 U.S. at 691; see also S.M., 874 F.3d at 585.

Furthermore, Plaintiff's Second Amended Complaint fails to assert any cause of action against the Individual Defendants arising under Missouri law or any legal theory other than § 1983. Under Missouri law, *respondeat superior* is not a cause of action but instead is a legal theory under which an employer can be held liable for the conduct of its employees acting within the scope of their employment. State *ex rel.* Blue Springs Sch. Dist. v. Grate, 576 S.W.3d 262, 271 (Mo. Ct. App. 2019). Plaintiff's failure to plead any cause of action against the Individual Defendants arising under Missouri law or any legal theory other than § 1983 is fatal to Plaintiff's claim for *respondeat superior* against the County. See Lewis v. Exec. Dining LLC, 2021 U.S. Dist. LEXIS 162583 at *12 (E.D. Mo. Aug. 27, 2021). Accordingly, Count IV of Plaintiff's Second Amended Complaint fails to state claims upon which relief can be granted against the County.

**IV.   CONCLUSION**

For the foregoing reasons, this Court should grant the Warren County Defendants' Joint Motion to Dismiss Plaintiff's Second Amended Complaint and dismiss Counts I, III, and IV of Plaintiff's Second Amended Complaint as to the Warren County Defendants with prejudice.

                                    **BARKLAGE, BRETT & HAMILL, P.C.**

                                    */s/ Bryon E. Hale*

Joel D. Brett         #33471MO
John R. Hamill III    #45040MO
Bryon E. Hale       #64883MO
211 North Third Street
St. Charles, MO  63301-2812
(636) 949-2120
(636) 949-8786 Facsimile
jbrett@barklage-brett.com
jhamill@barklage-brett.com
bhale@barklage-brett.com

*Attorneys for Defendants*
*Warren County, Missouri, Sgt. Julie Poirier,*
*Jessica Rickard and Jason Edwards*