**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| A.H., ) | |
|     ) | |
|     Plaintiff, ) | |
|     ) | |
| vs. ) | Case No. 4:21-cv-1077-MTS |
|     ) | |
| MONTGOMERY COUNTY, MISSOURI, ) | |
| *et al.*, ) | |
|     ) | |
|     Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to File Third Amended Complaint. Doc. [44]. Some Defendants oppose the Motion, Doc. [45], namely those that previously have moved to dismiss all the counts against them, see Doc. [39]. The Court has reviewed all the briefing filed on this Motion. Because no scheduling order has been entered in this case and because discovery formally has not begun, the Court will grant Plaintiff leave to file the Third Amended Complaint. *See Popp Telcom v. Am. Sharecom, Inc.*, 210 F.3d 928, 943 (8th Cir. 2000) (describing the Eighth Circuit's "liberal viewpoint towards leave to amend"). The Court is granting the Motion, however, on Plaintiff's voluntary consent to omit Count VI against Defendant Warren County in light of the well-taken arguments raised by Defendant Warren County in its opposition. *See* Doc. [45] at 8–11; *see also* Doc. [46] at 7. Plaintiff shall omit Count VI and make other changes necessitated by Count VI's omission—e.g., the caption, paragraph 14, etc.—but should make no other substantive changes.

The Court will address one more point from Defendants' opposition. Defendants opposing the instant Motion for Leave are county employees against whom Plaintiff alleges no federal claims. These Defendants ask that the Court decline to exercise supplemental jurisdiction over the state law claims against them. Doc. [45] at 3–6. The Court concludes exercising supplemental jurisdiction is

appropriate here.  In addition, the facts as pleaded demonstrate diversity jurisdiction exists in this action under 28 U.S.C. § 1332(a)(1), see Doc. [1][1] ¶¶ 1–17 (alleging citizenship of parties, which shows Plaintiff is diverse from every Defendant[2]); *id.* at 21 (praying for an amount in excess of $75,000[3]), though Plaintiff did not explicitly advance diversity as a jurisdictional theory, see *id.* ¶ 18; see also *Pinkley, Inc. v. City of Frederick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999) (noting that, in the absence of an affirmative pleading of a jurisdictional basis, some authority supports that a federal court may find that it has jurisdiction "if the facts supporting jurisdiction have been clearly pleaded").  This conclusion that diversity jurisdiction also exists over the claims allays any concerns the Court may have had regarding exercising supplemental jurisdiction over the state law claims against these county employees.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Third Amended Complaint, Doc. [44], is **GRANTED in part**.  Plaintiff shall file the Third Amended Complaint forthwith, without Count VI, and consistent with this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss the Second Amended Complaint, Doc. [39], is **DENIED** as moot.

**IT IS FINALLY ORDERED** that Defendants shall file any required response to Plaintiff's Third Amended Complaint no later than Friday, June 03, 2022.

Dated this 13th day of May, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[1] *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) (explaining jurisdiction of the court depends upon the state of things at the time plaintiff brings the action).
[2] *See Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973) (noting a political subdivision of a state is a citizen of the state for diversity purposes unless it is simply the arm or alter ego of the state).
[3] *See Am. Fam. Mut. Ins. Co. v. Vein Centers for Excellence, Inc.*, 912 F.3d 1076, 1080 (8th Cir. 2019) (noting complaints need only allege the jurisdictional amount "in good faith" and that cases are dismissed on jurisdictional amount grounds only if it appears "to a legal certainty" that the claim is really for less than the jurisdictional amount).